# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ABDUL SHABAZZ | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| MC1 HEALTHCARE, LLC DBA | : | |
| MOUNTAINSIDE TREATMENT CENTER | : | |
| | : | DECEMBER 10, 2018 |
| Defendant. | : | |

## COMPLAINT
## JURISDICTION AND VENUE

1.      This action arises under arises under Title VII of the Civil Rights Act of 1964 codified as 42 U.S.C. 2000e, et al. ("Title VII"); the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. 46a-60, et seq.; and Connecticut state law.

2.      The jurisdiction of this court is founded upon 28 U.S.C. §1331 (federal question) and the provisions of 28 U.S.C. §1343.

3.      Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4.      Supplemental jurisdiction over Plaintiff's supplemental state law claims are invoked pursuant to 28 U.S.C. §1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

5.      Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. §1988.

## PLAINTIFF

6.      The Plaintiff, Abdul Shabazz ("Plaintiff"), resides in Naugatuck, Connecticut.

## DEFENDANT

7.      The Defendant, MC1 Healthcare, LLC DBA Mountainside Treatment Center ("Mountainside or "Defendant") is located at 187 South Canaan Road, Canaan, Connecticut 06018.

## FACTS

8.      Plaintiff is African-American.

9.      Plaintiff was hired on June 28, 2016, and most recently held the position of Clinician.

10.     Plaintiff always performed the duties of his position in a satisfactory manner and was the only African-American Clinician.

11.     At all times relevant, Plaintiff's supervisor had been Amanda Molnar ("Molnar"), (Caucasian) Outpatient Clinician.

12.     On or about December 6, 2016, Plaintiff complained to Human Resources ("HR") regarding the disparate treatment he had been receiving from Molnar, his Caucasian supervisor.

13.     Specifically, Plaintiff complained that Molnar would belittle him, ridicule him, and make him feel inferior and appear inept.

14.     In comparison, Molnar treated Judy, a Caucasian Clinician, more favorably.  Molnar would also keep other Caucasian employees apprised as to what was going on in the department, and not Plaintiff.  In addition, at departmental meetings, Molnar would put Plaintiff down and critique him, while praising his Caucasian counter-parts.

15.     In January of 2017, Plaintiff was involved in an automobile accident and was not offered leave.

16.     In contrast, Plaintiff's supervisor was involved in an automobile accident and was

offered, and used leave time.

17.    In October 2016, Plaintiff would speak openly about his wife's serious health condition, and again, was not offered an accommodation despite his known association with someone with a disability.

18.    On January 17, 2017, Plaintiff notified the Director of Outpatient Services, Amy Sedgwick ("Sedgwick") (Caucasian) that his wife had returned to the hospital, due to a serious medical condition.

19.    Under the Americans with Disabilities Act Amendments Act ("ADAAA"), Sedgwick never offered Plaintiff an accommodation, despite his known association with someone with a disability

20.    Plaintiff's requested time off to recover from the injuries he sustained in his January 25th motor vehicle accident.

21.    On January 30, 2017, Plaintiff was terminated, bypassing progressive discipline, without either being offered an accommodation.

22.    Plaintiff was not offered an accommodation, nor did the Defendant engage in the interactive process.

**<u>COUNT ONE</u>**
**VIOLATION OF TITLE VII**
**DISCRIMINATION BASED ON RACE**

23.    The Plaintiff hereby re-alleges and reincorporates paragraphs 1-22 as if more fully set forth herein.

24.    The Plaintiff, an African-American, is a member of protected classification.

25.     The Plaintiff was qualified for his position.

26.    Plaintiff has been treated disparately, based upon his race, including, but not limited to the following:

(a). Molnar would belittle Plaintiff, ridicule him, and make him feel inferior and appear inept.

(b). In comparison, Molnar treated Judy, a Caucasian Clinician, more favorably. Molnar would also keep other Caucasian employees apprised as to what was going on in the department, and not Plaintiff. In addition, at departmental meetings, Molnar would put Plaintiff down and critique me, while praising his Caucasian counter-parts.

(c). In January of 2017, Plaintiff was involved in an automobile accident and was not offered leave, as an accommodation. In contrast, Plaintiff's supervisor was involved in an automobile accident and was offered, and used leave time.

(d). On January 30, 2017, Plaintiff was terminated, bypassing progressive discipline.

27.     These discriminatory and adverse employment actions were taken as a result of the Plaintiff's African-American.

28.     As such, Defendant's actions and conduct are a violation of Title VII.

29.     As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

30.     Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

**COUNT TWO**
**VIOLATION OF CONN. GEN. STAT. §46A-60b**
**DISCRIMINATION BASED UPON RACE**

31.     The Plaintiff hereby re-alleges and reincorporates paragraphs 1-30, as if more fully set forth herein.

32.     Defendant's actions are a violation of Gen. Stat. §46a-60b.

33.     As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's

pleasures and activities.

34.    Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

**COUNT THREE**
**VIOLATION OF THE ADAAA**
**FAILURE TO ENGAGE IN INTERACTIVE PROCESS, FAILURE TO**
**ACCOMMODATE & ASSOCIATIONAL DISCRIMINATION**

35.    Plaintiff hereby incorporates Paragraphs 1-34 as if fully set forth herein.

36.    Defendant's violation of the ADAAA, includes, but is not limited to the following:

   a.   In January of 2017, Plaintiff was involved in an automobile accident and
        Defendant failed to engage in the ADAAA interactive process and failed to offer
        an accommodation.

   b.   In October 2016, Plaintiff spoke openly about his wife's serious health condition,
        and was not offered an accommodation, nor did the Defendant engage in the
        interactive process.

   c.   On January 17, 2017, Plaintiff notified the Director of Outpatient Services, Amy
        Sedgwick Sedgwick that his wife was returning to the hospital, due to her serious
        health condition, but Defendant did not engage in the interactive process, nor did
        it offer the Plaintiff an accommodation.

   d.   Following Plaintiff's request for time off to recover from the injuries he sustained
        in his January 25th motor vehicle accident, on January 30, 2017, Plaintiff was
        terminated, without being offered an accommodation, bypassing progressive
        discipline.

37.    Plaintiff has been discriminated against due to his association with an ADAAA-protected

third party and the Defendant has failed to engage in the interactive process or offer an

accommodation, despite knowing of Plaintiff's wife's serious health condition.

38.    Defendant has failed to engage in the interactive process and has failed to offer the

Plaintiff an accommodation, despite knowing of his serious health condition.

39.    Defendant's actions are in violation of the ADAAA.

40.    As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer

damages including but not limited to lost wages, fringe benefits, health insurance,

emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

41.     Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT FOUR
### VIOLATION OF C.G.S. VIOLATION OF CONN. GEN. STAT. §46A-60b
### FAILURE TO ENGAGE IN INTERACTIVE PROCESS, FAILURE TO
### ACCOMMODATE & ASSOCIATIONAL DISCRIMINATION

42.     The Plaintiff hereby re-alleges and reincorporates paragraphs 1-41, as if more fully set forth herein.

43.     Defendant's actions are a violation of Gen. Stat. §46a-60b.

44.     As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

45.     Plaintiff is seeking damages as a result of Defendant's unlawful conduct.


## PRAYER FOR RELIEF

Wherefore the Plaintiff prays that this court award:

1. Money damages;

2. Costs;

3. Punitive damages, attorney fees, and expert witness fees;

4. Pre-judgment interest

5. Trial by jury; and

6. Such other relief as the Court deems just, fair, and equitable.

THE PLAINTIFF,
ABDUL SHABAZZ

By:_____/s/_____
    Eugene Axelrod (ct00309)
    Michael C. McMinn (ct27169)
    Axelrod & Associates, LLC
    *His Attorneys*
    8 Lunar Drive
    Woodbridge, CT 06525
    Tel: 203-389-6526
    Fax: 203-389-2656